## J. C. PATRICK v. STATE.

No. A-4942.   Opinion Filed June 12, 1925.
(236 Pac. 911.)

**22**

E. H. Gipson and D. W. Tracy, for plaintiff in error.

George F. Short, Atty. Gen., and Charles Hill Johns; Asst. Atty. Gen., for the State.

DOYLE, J.   The information in this case charged that in Beckham County, August 6, 1923, J. C. Patrick did—

"have the possession of certain spirituous, vinous, fermented, malt and intoxicating liquor, to-wit: About a half gallon of beer in a half gallon fruit jar, with the unlawful intent then and there on the part of him, the said J. C. Patrick, of violating the provisions of the prohibitory liquor laws of Oklahoma."

A trial was had thereunder.  The defendant was found guilty, and his punishment fixed at 30 days in jail and $50 fine.  From the judgment entered upon the verdict, he appeals.

Of the various assignments of error we deem it only necessary to consider the one—that the evidence is insufficient to support the verdict.

J. A. Dunagan, city marshal of Erick, and deputy sheriff, testified that he saw the defendant at the gin talking to George Barrett, and saw them leave in Barrett's car, and he waited for them to come back, and saw the defendant when he returned carrying a jar into his house, so he got a search warrant, searched the defendant's home, and found this jar, which was introduced in evidence, and arrested the

defendant; that the jar contained Choc beer; that he stuck his tongue into it. He was then asked how Choc beer was made and what are the ingredients and answered: "I don't know exactly; they use a lot of hops and some coloring."

C. D. Rawson testified that he was with Dunagan at the time he searched the defendant's house; that Dunagan asked the defendant if he had anything to drink, and the defendant said, "No"; that Dunagan found the jar; that the defendant was sitting in a rocking chair with his shoes off.

The jar and its contents was introduced in evidence.

The witness Dunagan was recalled and asked: "Do you know whether Choc beer is intoxicating?" and answered, "Yes, sir; it is."

For the defense, J. W. Barrett testified that he was talking to the defendant at the gin; the defendant said that he had eczema on his feet and took off his shoes and showed him his feet which were swollen and bleeding; that he told him that it could be cured and they got in his car and drove to his home three miles in the country; there witness prepared a wash for his feet, that he made up of vinegar, salts and bismuth; that it had no alcohol, hops, or malt in it, but had some red wall paper soaked in it; that the jar introduced in evidence was the same jar.

Mr. Cornels testified that he was employed at the gin and heard George Barrett ask defendant about his feet, and was present when the defendant pulled his shoes off; then they left in Barrett's car.

The testimony of the defendant in his behalf is as follows:

"I live at Erick with my wife and three children; employed as engineer in the Douglas gin; I told Mr. Barrett

that I had eczema, and he said he could cure it, and if I would go with him he would give me something to cure it; we went to his house in his car and he prepared the foot medicine and then drove me back to my house; I pulled off my shoes and bathed my feet and about that time Mr. Dunagan came in and took the jar; I told him I wanted it to bathe my feet; I think the jar introduced in evidence is the stuff Mr. Barrett gave me; I could not swear it, but it looks like it."

At the close of the evidence the defendant moved for a directed verdict of acquittal on the ground that the evidence was insufficient to warrant a conviction. Which motion was denied. We do not think that the evidence is sufficient to warrant the verdict of the jury. Before a jury is authorized to find a defendant guilty in any criminal case, there must be evidence sufficient to prove that an offense has been committed. In this case the evidence is insufficient to show that the contents of the jar was intoxicating liquor. Assuming that it was intoxicating liquor, there is no direct or positive evidence tending to show an intent on the part of the defendant to violate the prohibitory liquor laws.

Because the evidence is insufficient to sustain a conviction, the judgment of the lower court is reversed.

BESSEY, P. J., and EDWARDS, J., concur.